ERIE COUNTY.—HON. ZEBULON FERRIS, SURROGATE.—
April, 1882.

## BLOSSOM *v.* SIDWAY.

*In the matter of the will of* THOMAS BLOSSOM, *deceased.*

The testator, in his will, desired his executor, and the wife of the latter, to "fix some valuation" of the furniture, books and other articles in his house, of which he might be possessed at his decease, and distribute them among his "relatives mentioned" in his will, "as they may deem discreet and proper." There were legatees who were relatives by marriage. *Held,*

1  That testator intended the articles to be divided into shares of equal value, and that the discretion conferred related only to the allotment of the various equal shares among the beneficiaries, which must be made *per capita* and not *per stirpes.*

2. That, in the absence of an express provision to the contrary, the relatives intended were relatives by blood, and not by affinity.

FRANKLIN SIDWAY, the executor named in the will of decedent, in his petition for the probate of the will, asked for a judicial construction of the fourteenth clause thereof, which read as follows: "*Fourteenth.* The furniture, books and other articles in my house, of which I may be possessed at my decease, I desire Mr. Sidway and his wife to fix some valuation, and distribute them among my relatives mentioned in my will, as they may deem discreet and proper."

JACOB STERN, *for executor.*

J. C. BEECHER, *special guardian.*

THE SURROGATE.—The first question presented by the argument of the counsel is, whether the discretion to be exercised by the executor and his wife extends to anything more than the mere distribution of the various

lots of equal value into which the articles mentioned in the said clause are to be divided by them, or whether they may allot, to the several legatees, such articles, of whatever value, as they may deem proper. I think the intent of the testator was to have the allotments equal, since he has directed that the articles be valued. This would be unnecessary, were the discretion intended to be without limit, and to authorize the executor and his wife to make the allotment without regard to their valuation. The discretion reposed in the executor and his wife, I think only relates to the allotment of the various equal shares, to the several legatees.

The next question presented is as to whom the testator intended to include in the term, " my relatives mentioned in my will." The word " relatives," used generally in a will, is construed to mean the testator's next of kin, who would take under the statute of distributions, in case he had died intestate (2 *Jarm. on Wills*, 4 Am. ed., 34). In this case, it is used in a limited sense, and the relatives are specifically mentioned, to wit : " The relatives mentioned in my will," and the rule does not apply, as the identity of the relatives to be benefited is established by the limitation (*Id.*, 35).

But there are legatees who are relatives by marriage, and the question is further made, whether they can be brought in, to share in the legacy given by this clause. I think not. A gift to next of kin or relatives does not extend to relatives by affinity, unless the testator has subjoined to the gift expressions declaratory of an intention to include them ; such as a bequest expressly to relatives " by blood or marriage " (Maitland *v.* Adair, 3 *Ves.*, 231 ; Devisme *v.* Mellish, 5 *Id.*, 529).

It follows, from the foregoing construction of the clause in dispute, that the executor and his wife will appraise and divide the property mentioned therein into shares of equal value, and distribute the various shares to the legatees who are mentioned in the will, being blood relatives of the testator ; allotting the shares, in their discretion, to the several legatees. The allotment to be *per capita* and not *per stirpes* (2 *Jarm. on Wills*, 4 Am. ed., 35).

Ordered accordingly.